**SHIRLEY HODGE, Plaintiff-Appellant**

v.

**CINNAMON RINZLER, Defendant-Appellee**

Civil No. 83-217

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 26, 1984

FRANCIS E. JACKSON, JR., ESQ. (Law Office of FRANCIS E. JACKSON, JR.), St. Thomas, V.I., *for plaintiff-appellant*

DIANE TRACE WARLICK, ESQ. (Law Offices of R. ERIC MOORE), Christiansted, St. Croix, V.I., *for defendant-appellee*

JOSEPH BRUCE WM. ARELLANO, ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## OPINION

This cause is before the Court on appeal from an order of the Territorial Court of the Virgin Islands dismissing the complaint for noncompliance with the procedural requirements of 27 V.I.C. § 166i(b) (Supp. 1982).

■ Dismissal by the Territorial Court was premised on that court's conclusion that a physician's assistant is a "health care provider" for purposes of 27 V.I.C. § 166(c) (Supp. 1982) and that consequently plaintiff's failure to comply with the prefiling requirements of 27 V.I.C. § 166i(b) (Supp. 1982) bars the instant action. While we need not decide whether under circumstances not before us a physician's assistant may be so classified, we hold ·that a physician's assistant not acting under the supervision of a licensed physician is not a "health care provider" under § 166(c) and thus is not protected by the Health Care Provider Malpractice Act, 27 V.I.C. §§ 166–166*l* (Supp. 1982). See Exhibit 4 to the Affidavit of "Cinnamon" Anne Rinzler of April 6, 1983 ("Job Description—Physician Associate," defining a physician associate, also referred to as a physician's assistant, as "a skilled person qualified by academic and clinical training to provide patient services under the supervision and responsibility of a Doctor of Medicine").

■ As appellee has failed to demonstrate that she was acting under the supervision of a licensed physician when she engaged in the allegedly tortious conduct complained of by appellant, the order of the Territorial Court dismissing this action for failure of appellant to comply with the procedural requirements of the Health Care

Provider Malpractice Act must be vacated, and the cause remanded to the Territorial Court for further proceedings not inconsistent with this Opinion.

## JUDGMENT

This cause having come before the Court on appeal of an order of the Territorial Court dismissing the complaint, and the premises considered and the Court being fully advised,

IT IS ORDERED, ADJUDGED, and DECREED that the order of the Territorial Court dismissing the complaint be, and the same is, hereby VACATED and the cause REMANDED to the Territorial Court for further proceedings not inconsistent with the Opinion of this Court entered herein on this day.